

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 SEP 20  PM 2: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN DOWNEY

CIVIL ACTION

04-2593

VERSUS

SECT. C MAG. 1

RODNEY J. STRAIN, JR.,

SHERIFF OF SAINT TAMMANY
PARISH, LOUISIANA                       TRIAL BY  JURY

# COMPLAINT

## JURISDICTION AND VENUE

1.

Plaintiff invokes this Court's jurisdiction pursuant to  28 USC § 1331,

28 USC § 1343(4), 28 § 1367(a), 29 §2617, 42 §1983, 42 §12117,  and 42 §

2000e-5.

Fee___150.___
Process_____
X  D!:td_____
___ Ci:RmDep_____
___ Doc. No._____

1

2.

The alleged unlawful employment practices alleged  were and are being committed within the Eastern District of Louisiana.

**PARTIES**

3.

Plaintiff is a citizen of the United States and a resident of Saint Tammany Parish, Louisiana.  Plaintiff  was employed by defendant at all times relevant to the allegations set forth in this complaint.

4.

Defendant Rodney J. Strain, Jr. is the duly elected sheriff of Saint Tammany Parish, Louisiana. . Defendant employs more than five hundred employees.

**ADMINISTRATIVE PROCEDURES**

5.

Plaintiff  timely filed a charge of employment discrimination against the defendant with the District Office of the Equal Employment Opportunity Commission. That agency issued a right to sue letter which is attached and is labeled Exhibit A.

2

## ALLEGATIONS OF FACT

6.

Plaintiff  was first employed by defendant on or about November 15, 1988 as a sergeant in the Corrections Division.

7.

Plaintiff subsequently was reassigned to the defendant's crime lab where plaintiff's job title was crime lab technician.

8.

Plaintiff was absent from work due to a serious health condition.

9.

On or about May 13, 2003, plaintiff's physician released plaintiff to return to work with no restrictions.

10.

Defendant refused to allow plaintiff to return to work as a crime lab technician and instead reassigned plaintiff to the jail.

11.

Defendant's employee, Captain Tim Lentz, made the comment that plaintiff would not be returning to the crime lab because the plaintiff was a physical liability.

3

12.

On October 6, 2003, plaintiff made a written protest of the job reassignment to plaintiff's supervisor, Captain Tim Lentz.

13.

The reassignment to the jail was an adverse employment action because plaintiff lost the use of a vehicle, lost the right to work overtime, and lost the opportunity to work details when off duty.

14.

Defendant immediately terminated plaintiff's employment.

## FIRST CAUSE OF ACTION
## FMLA VIOLATION

15.

At the time of plaintiff's reassignment to the jail, defendant was subject to the Family & Medical Leave Act, 29 USC 2611. ("FMLA").

16.

FMLA provides that an employee has the right to return to the same position the employee had when the employee's FMLA leave commenced.

4

17.

Plaintiff  was in the  category of persons protected by the FMLA because plaintiff was employed for more than twelve months by the defendant at the time the cause of action arose.

18.

Defendant's  violation of the FMLA  has caused the plaintiff damage.

19.

Plaintiff's damages are loss of earnings past, present and future, loss of benefits past, present and future.

20.

Defendant  willfully violated the FMLA and is therefore liable for the statutory penalty.

## SECOND  CAUSE OF ACTION
## ADA  VIOLATION

21.

Defendant violated the  Americans with Disabilities Act of 1990, 42 USC § 12101 et seq   because the plaintiff was in the protected  group, was

qualified to do, and was doing the work in a satisfactory manner,  and was

subjected to adverse employment action   taken by defendant

22.

Defendant's adverse employment action against plaintiff was

motivated by the following illegal acts:

a)  the defendant limited, segregated, or classified the plaintiff in a

way that adversely affected the plaintiff's opportunities or status

because of the disability of the plaintiff;

b) the defendant utilized standards, criteria, or methods of

administration that have the effect of discrimination on the basis of

disability, or

that perpetuate the discrimination of others who are subject to

common        administrative control;

c) the defendant failed to make a reasonable accommodation to the

plaintiff's        known physical or mental limitations.

## THIRD CAUSE OF ACTION
## LADEA VIOLATION

### 23.

Plaintiff was in the protected  group, was qualified to do,  and was doing the work in a satisfactory manner, and was subjected to adverse action because of defendant's violations of the Louisiana Employment Discrimination Law, **LSA-RS 23:323**.

### 24.

Defendant's adverse employment action against plaintiff was motivated by the following illegal acts:

   a)  the defendant limited, segregated, or classified the plaintiff in a way that adversely affected the plaintiff's opportunities or status because of the disability of the plaintiff;

   b)  the defendant utilized standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability, or

that perpetuate the discrimination of others who are subject to common        administrative control;

7

c) the defendant failed to make a reasonable accommodation to the plaintiff's     known physical or mental limitations.

25.

Plaintiff is entitled to   compensatory damages, back pay, benefits, reinstatement, reasonable attorneys fees, interest and court costs as provided by **LSA- RS 23:325**.

26.

Plaintiff's charge which was filed with the EEOC satisfies the notice requirement of **LSA-RS 23:325.C.**

**FOURTH CAUSE OF ACTION
TITLE VII VIOLATION**

27.

Defendant violated Title VII  because the plaintiff was in the protected group, was qualified to do, and was doing the work in a satisfactory manner, was subjected to an adverse employment action,   and defendant was motivated by illegal discrimination because of plaintiff's sex.

8

28.

The defendant discriminated against plaintiff because of plaintiff's sex in violation of Title VII by engaging in, tolerating, or failing to prevent illegal discrimination and by failing to take affirmative action to correct and address these unlawful employment practices.

29.

The defendant has allowed male employees to retain their positions following absences due to serious health conditions.

## FIFTH CAUSE OF ACTION
## 23:332 VIOLATION

30.

Defendant has subjected plaintiff to an adverse employment action because of plaintiff's sex in violation of **LSA- R S 23:332** because the defendant has:

(1)     Intentionally discriminated against the plaintiff individual with respect to plaintiff's compensation, terms, conditions, or privileges of employment, because of the plaintiff's sex;

(2)     Intentionally limited segregated, or classified his employees in a way which deprives or tends to deprive the plaintiff of employment opportunities, or otherwise

9

adversely affect plaintiff's  status as an employee, because of the plaintiff's sex.

31.

Plaintiff is entitled to general and special compensatory damages, back pay,  benefits, reinstatement, reasonable attorneys fees,  and court costs as provided by **LSA- RS 23:303**.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this court:

(1)    Declare that the employment practices complained of  are unlawful;

(2)    Permanently enjoin the defendant, its agents, officers, and employees from engaging in all practices found by this court to be in violation of the law;

(3)    Order reinstatement of the plaintiff, together with an award of all salary, benefits, seniority and all other employment emoluments plaintiff  would have received absent unlawful discrimination from date of termination  until time of trial; or

(4)    In lieu of reinstatement, that the court award:
   (a)    backpay from date of termination  to time of trial;
   (b)    front pay;
   (c)    future loss of earnings and/or past, present and future compensatory damages, general damages, and all other relief available pursuant to the law;

(5)    Order the defendant to make the plaintiff whole by paying  such monetary and non-monetary benefits in amounts to be proved at trial;

10

(6)     Retain jurisdiction over this action to insure full compliance with the Court's orders, and require the defendant to file such reports as the Court deems necessary to insure compliance;

(7)     Order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees as provided by law;

(8)     Award pre-judgment interest as provided by law;

(9)     Grant such other and further relief to the plaintiff as the Court deems        just and proper.

(10)    Grant a trial by jury.

HOGAN & HOGAN


THOMAS J. HOGAN, JR., T.A.
Bar Roll No. 6908
P. O. Box 1274
Hammond, LA 70404
(985)542-773

Attorney for plaintiff

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN DOWNEY                              CIVIL ACTION

VERSUS

RODNEY J. STRAIN, JR.,

SHERIFF OF SAINT TAMMANY
PARISH, LOUISIANA                         TRIAL BY JURY

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury.

HOGAN & HOGAN

THOMAS J. HOGAN, JR., T.A.
Bar Roll No. 6908
P. O. Box 1274
Hammond, LA 70404
(985)542-7730

Attorney for plaintiff

12