# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN DOWNEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-2593-SS** |
| **RODNEY J. STRAIN, JR., SHERIFF**<br>**OF SAINT TAMMANY PARISH** | |

## <u>ORDER</u>

DEFENDANT'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (Rec. doc. 54)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the defendant, Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish ("Sheriff Strain'), for partial summary judgment on the claims of plaintiff, Susan Downey ("Downey") for violation of: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; (2) La. Rev. Stat. Ann. § 23:323, which prohibits disability discrimination; (3) Title VII, 42 U.S.C. § 2000e; and (4) La. Rev. Stat. Ann. § 23:332, which prohibits gender discrimination. This is the second motion for partial summary judgment by Sheriff Strain. The first motion was denied as to plaintiff's FMLA claim that she was prejudiced by the failure to provide her with notice that her second absence would be counted as FMLA leave. All other FMLA claims were dismissed. Rec. doc. 51.

<u>SUMMARY JUDGMENT STANDARD</u>

Fed. R. Civ. P. 56 provides in pertinent part that summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189 (1990). To that end, the court must "view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  <u>Wyatt v. Hunt Plywood</u>, 297 F.3d 405, 409 (5th Cir. 2002).  Where the record taken as whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); <u>Washington v. Allstate Ins. Co.</u>, 901 F.2d 1281 (5th Cir. 1990).

Furthermore, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.  <u>Celotex</u>, 106 S.Ct. at 2553;  <u>see</u> <u>Lujan</u>, 110 S. Ct. at 3187.  If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response.  If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  <u>Celotex</u>, 106 S.Ct. at 2553-54.  A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Kee v. City of Rowlett Texas</u>, 247 F.3d 206, 210 (5th Cir. 2001).

2

This burden is not satisfied with "some metaphysical doubt as to the material facts," Matsushita, 106 S.Ct. at 1356, by "conclusory allegations," Lujan, 110 S. Ct. at 3180, by "unsubstantiated assertions," Hopper v. Frank, 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, Davis v. Chevron U.S.A., Inc., 14 F.3d 1082 (5th Cir.1994). The court resolves factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. The court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. See Lujan, 110 S. Ct. at 3188. Summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted. See Evans v. City of Bishop, 238 F.3d 586, 588-89 (5th Cir. 2000).

## UNDISPUTED FACTS

The ruling on the first motion for partial summary judgment described the undisputed facts. Rec. doc. 51 at pp. 5-7. In support of the second motion, Sheriff Strain submitted a further affidavit from Captain Donna Schlesinger as well as Downey's response to first request for discovery. Exhibit A to Rec. doc. 54 and Sheriff Strain's Reply Memorandum. Downey did not submit any additional evidence.

## DOWNEY'S ADA CLAIM

Downey contends that Sheriff Strain's motion must be denied as to her ADA claim because there is a material issue of fact as to whether she was "regarded as disabled" by Sheriff Strain. As

3

defined by the ADA, a "disability" is a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(2)(A). The ADA permits suits by plaintiffs who, though not actually disabled by Section 12102(2)(A), are regarded as having such an impairment. 42 U.S.C. § 12102(2)(C). In <u>Gowesky v. Singing River Hospital Systems</u>, 321 F.3d 503 (5th Cir. 2003), the Fifth Circuit stated:

> One is regarded as having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

<u>Id</u>. at 508. Downey's "regarded as disabled" claim is based on three allegations: (1) on May 13, 2003, her physician released her to return to work without restrictions; (2) Sheriff Strain later (allegedly on July 25, 2003) refused to allow Downey to return to work as a crime lab technician and instead reassigned her to the jail; and (3) Captain Tom Lentz made the comment that Downey would not be returning to the crime lab because she was a physical liability. Rec. doc. 56 at p. 3. These allegations are incomplete.

On November 7, 2002, surgery was performed on Downey's left knee. On January 23, 2003, surgery was performed on her left shoulder. On March 17, 2003, her surgeon released her to return to sedentary work and she returned to work on that date in the crime lab. In May, her doctor released her from the sedentary duty restriction and cleared her to resume her full duties in the crime lab. On June 18, 2003, Downey re-injured her left knee in a work related accident. On July 31, 2003, surgery was performed on her left knee. From her return to work on March 17, 2003 and until

4

her surgery on July 31, 2003, Downey worked in the crime lab.  Rec. doc. 51 at p. 7.  The inference

from the allegations that she was not allowed to return to the crime lab in May, 2003 is not true.  On

October 6, 2003, her doctor cleared her to return to her full duties and she began working in the

corrections division instead of the crime lab.  Rec. doc. 51 at pp. 5-7.

      "The EEOC regulations make plain that an inability to perform one particular job, as opposed

to a broad range of jobs, does not constitute an impairment that substantially limits one's ability to

work."  Gowesky, 321 F.3d at 508.  Even if the alleged statement by Captain Lentz is true, Sheriff

Strain did not regard Downey as possessing an impairment that affected her ability to perform the

corrections division job.  In Sherrod v. American Airlines, 132 F.3d 1112 (5th Cir. 1998), there was

undisputed evidence that the employer attempted to place the plaintiff in other positions for which

it did not deem her disqualified due to a back condition.  The Fifth Circuit concluded that, with such

evidence, a reasonable jury could only conclude that the employer believed the plaintiff was

qualified for other positions and therefore the employer did not regard her as disabled for a broad

range of positions.  Id. at 1121.  Downey was actually transferred to the corrections division and

remains employed in that division.  It is undisputed that Sheriff Strain believed Downey was

qualified for other positions.

      Downey's reliance on Rodriguez v. ConAgra Grocery Products Company, _____ F.3d ____,

2006 WL 45857 (5th Cir. 2006)(unpublished), is misplaced.  After working at the defendant's plant

through a temporary staffing agency, the plaintiff was offered a permanent position contingent on

passing a physical.  The defendant's physician found that plaintiff was not medically qualified for

the position because of uncontrolled diabetes.  The offer was withdrawn.  In response to written

discovery the defendant stated that the plaintiff was not qualified for any other positions at the plant. The Fifth Circuit found that this was sufficient to demonstrate that the defendant viewed plaintiff as unfit to perform a wide range of jobs.  Rodriguez has no application to a case like Sherrod or this case, where the employer attempted to place the plaintiff in another position.  Downey's ADA claim shall be dismissed.

LOUISIANA DISABILITY DISCRIMINATION CLAIM

Downey's second claim arises under La. Rev. Stat. Ann. § 23:323 which prohibits disability discrimination.  As noted, federal law provides that the inability to perform one particular job, as opposed to a broad range of jobs, does not constitute an impairment that substantially limits one's ability to work.  Downey contends that Louisiana law is different and cites Turner v. City of Monroe, 634 So.2d 981 (La. App. 2d Cir. 1994).  At issue in Turner was a claim under La. Rev. Stat. Ann. § 46:2251, the Louisiana Civil Rights Act for Handicapped Persons ("Handicapped Persons Act").  Assuming Turner is also applicable to a claim under La. Rev. Stat. Ann. § 23:323, it is not contrary to federal law.

The plaintiff was employed by the City as a signal technician with responsibility for the repair and maintenance of traffic signals and signs.  After recovering from a back injury, he sought to return to work as a signal technician.  The City refused to allow him to return to the position.  In response to his claim, the City argued that he was not handicapped.  The plaintiff contended that the City perceived him as handicapped.  634 So.2d at 983.  The court of appeal found that the federal Rehabilitation Act of 1978, 29 U.S.C. § 701, was interpreted to allow plaintiffs to recover if they proved that their employer discriminated against them based on a perceived handicap.  634 So.2d

6

at 985.  The plaintiff produced evidence that the City perceived him as handicapped even though he could perform his job as a signal technician.  He did not produce any evidence of other employment opportunities with the City that were denied to him and the City did not produce any evidence that it offered him employment in other positions.  The City argued that plaintiff could not establish a violation of the Handicapped Persons Act without evidence concerning other jobs.  The court of appeals held that the Act did not condition a claim on either the quantum of the plaintiff's application efforts or on the prospects of finding other employment. 634 So.2d at 987.  The Turner decision describes the proof that is required of a plaintiff asserting a Handicapped Persons Act claim.  It does not alter the substantive rule that the inability to perform one particular job, as opposed to a broad range of jobs, does not constitute an impairment that substantially limits one's ability to work under state or federal law.  Turner does not indicate that it intended a substantive rule different from federal law.  It has no application where the undisputed facts demonstrate that Sheriff Strain employs Downey in another position.  For these reasons the § 23.323 claim is denied.

TITLE VII CLAIM

Downey contends that Sheriff Strain discriminated against her in violation of Title VII by engaging in, tolerating, or failing to prevent illegal discrimination. Rec. doc. 1 at p. 9. Sheriff Strain contends that Downey has not demonstrated that other similarly situated male employees were treated more favorably than she.  This is an essential element of Downey's prima facie disparate treatment case.  In Mason v. United Air Lines, Inc., 274 F.3d 314, 316 (5th Cir. 2001), the Fifth Circuit stated that, "summary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his prima facie claim."

7

Although Downey has been provided with a reasonable opportunity to present evidence in response to Sheriff Strain's motion, she has not done so.  Sheriff Strain submitted Downey's response to interrogatory no. 3, which identified three males that Downey contends were allowed to return to their jobs after work-related injuries.  One was a sergeant in the crime lab.  The other two worked in the traffic/motorcycle division or the patrol division.  Exhibit A to Rec. doc. 54. Captain Schlesinger states that the latter two never utilized more than 480 hours of time off from work during any twelve month period.  The sergeant in the crime lab did utilize more than 480 hours of time off from work in 2001.  The sergeant had the same job title as Downey, crime lab technician. Sheriff Strain contends that his assignment in the ballistics section demonstrates that his position was significantly different from Downey's position.  The sergeant was the only full time ballistics expert.  The only other ballistics expert was a part-time employee who is scheduled to retire. Downey was one of several technicians that performed general duties in the crime lab. Affidavit attached to Sheriff Strain's Reply Memorandum.

Downey contends that Sheriff Strain has not provided any justification for why he treated male employees differently from female employees.  As to two of the male employees, there is no evidence of disparate treatment.  It is undisputed that these two employees returned to work before using more than 480 hours of leave.[1]  The ballistics sergeant is the only male employee who was allowed to return to his former crime lab position after taking more than 480 hours of leave in a twelve month period.  The issue is whether the sergeant was similarly situated to Downey.  If not,

_____

[1]There is no record evidence that Downey was transferred out of the crime lab to the corrections division prior to her exhaustion of 480 hours of FMLA leave.

8

then Downey has not established an essential element of her prima facie case.

In order to meet the similarly situated requirement in misconduct cases, the plaintiff must demonstrate that the misconduct for which adverse employment action was taken was "nearly identical" to misconduct by employees for which no adverse employment action was taken. Perez v. Texas Department of Criminal Justice, Institutional Division, 395 F.3d 206, 213 (5th Cir. 2004). Downey does not present a misconduct case. The evidence presented by Sheriff Strain demonstrates that two employees in the crime lab took more than 480 hours in a twelve month period. One of those employees, the ballistics sergeant, was allowed to return to his position in the crime lab. The other employee, Downey, was transferred to the corrections division. This is sufficient to establish Downey's prima facie disparate treatment case. The differences cited by Sheriff Strain in the particular job responsibilities in the crime lab for the ballistics sergeant and Downey will be pertinent to Sheriff Strain's proof of a legitimate and nondiscriminatory reason for the differing treatment, but they do not defeat Downey's prima facie case. Rohde v. K.O. Steel Castings, Inc., 649 F.2d 317, 322 (5th Cir. 1981). Sheriff Strain's motion for summary judgment on the Title VII claim will be denied.

<u>LOUISIANA SEX DISCRIMINATION CLAIM</u>

Sheriff Strain contends that Downey's claim for gender discrimination based on La. Rev. Stat. Ann. § 23:332 is identical to her Title VII claims. Sheriff Strain's motion must be denied as to Downey's Louisiana gender discrimination claim for the same reason that the plaintiff's Title VII claim is dismissed.

<u>CONCLUSION</u>

All of Downey's claims have been dismissed except for:

1.        The FMLA claim that she was prejudiced by Sheriff Strain's failure to provide her

with notice that the second absence would be counted as FMLA leave.  This claim

will be limited to the ruling issued by this court.[2]

2.        Downey's gender discrimination claims under Title VII and La. Rev. Stat. Ann. §

23:332.  This claim will be limited to a comparison of the treatment of Downey and

the treatment of the sergeant in the crime lab.

IT IS ORDERED that Sheriff Strain's second motion for partial summary judgment (Rec.

doc. 54) is GRANTED in PART and DENIED in PART.

New Orleans, Louisiana, this 17th day of February, 2006.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[2]See Rec. doc. 51, prior ruling on defense motion for partial summary judgment.