UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN DOWNEY | CIVIL ACTION |
| VERSUS | NO: 04-2593-SS |
| RODNEY J. STRAIN, JR., SHERIFF OF SAINT TAMMANY PARISH | |

## ORDER AND REASONS

Before the Court is the motion of the plaintiff, Susan Downey ("Downey"), for an award of attorneys' fees and costs. Rec. doc. 99. She contends that, as the prevailing party on her claim under the Family & Medical Leave Act ("FMLA"), 29 U.S.C. 2611, she is entitled to an award of fees of $34,335.75 and costs of $669.92. The defendant, Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish ("Sheriff Strain"), challenges the request on three grounds: (1) the time sought fails to take into account the degree of success achieved by Downey; (2) the hourly rates are excessive; and (3) the costs should be reduced in proportion to the degree of success achieved. For the reasons described below, Downey is awarded attorneys' fees of $31,543.75 and costs of $669.92.

BACKGROUND

On September 20, 2004, Downey filed a complaint against Sheriff Strain. She alleged that he refused to allow her to return to work as a crime lab technician and instead assigned her to work in the jail after she was absent from work due to serious health condition. She alleged causes of action pursuant to: (1) Family Medical Leave Act ("FMLA"); (2) Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; (3) Louisiana Employment Discrimination Law, La. Rev. Stat. Ann. § 23:323 (disability discrimination); (4) Title VII, 42 U.S.C. § 2000e; and (5) La. Rev. Stat. Ann. § 23:332 (gender discrimination). Rec. doc. 1. The parties consented to trial before a Magistrate Judge. Rec. doc. 8.

On June 27, 2005, Sheriff Strain filed a motion for partial summary judgment on the FMLA claim. Rec. doc. 26. At issue were two absences for medical reasons. Downey contended that Sheriff Strain violated the FMLA because: (1) he failed to reinstate her to the crime lab after the second absence; (2) he failed to inform her of her FLMA rights and obligations in that she was not told how the occupational injury and FLMA policies were both implicated; and (3) she was prejudiced by the failure to provide her with notice that the second absence would be counted as FMLA leave. Rec. doc. 28. The motion was granted as to the first two claims and denied as to the third FLMA claim. Rec. doc. 51.

On January 17, 2006, Sheriff Strain filed a motion for partial summary judgment on the non-FMLA claims. Rec. doc. 54. It was granted as to Title VII and the state disability discrimination claim, but denied as to the gender discrimination claim. Rec. doc. 64. On the eve of trial, the Court, on its own motion, revisited the FMLA claim to clarify the factual issues remaining for trial. Rec.

doc. 67.

The jury returned a verdict in Downey's favor on the FMLA claim. She was awarded $16,400.00 in back pay. The jury, however, found that Sheriff Strain was in good faith and had reasonable grounds for believing that he had complied with the FMLA. The jury also found in defendant's favor on the gender discrimination claim. Rec. doc. 89. The equitable remedies were reserved to the Court. The parties stipulated that reinstatement to the crime lab was not a viable remedy, Rec. doc. 95, and Downey was awarded front pay for twenty-four months at a stipulated rate of $547 per month, for a total of $13,128.00. Rec. doc. 97.

A judgment was entered. Rec. doc. 98. Downey filed this motion for attorney's fees. Rec. doc. 99. The parties did not file any other post-trial motions. At Sheriff Strain's request, and pursuant to Fed. R. Civ. P. 58(c)(2), the motion was deemed to have the same effect under Fed. R. App. P. 4(a)(4) as a timely motion under Fed. R. Civ. P. 59. Rec. doc. 100.

## PRELIMINARY DISCUSSION

Sheriff Strain does not dispute Downey's entitlement to reasonable attorneys' fees as a "prevailing party" under FMLA. See 29 U.S.C. § 2617(a)(3). The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the "lodestar." Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 1939-40 (1983). However, "the district court [retains] broad discretion in setting the appropriate award of attorneys' fees." Hensley, 103 S. Ct. at 1939-40.

In calculating the number of hours reasonably expended on the litigation, whether the total number of hours claimed were reasonable, and whether specific hours claimed were reasonably expended, the court must first ascertain the nature and extent of the services supplied by plaintiff's attorneys. Hensley, 103 S. Ct. at 1939-40. The district court must eliminate excessive or duplicative time. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley, 103 S. Ct. at 1939-40. Next, the court must value the service according to the customary fee and quality of the legal work. The relevant market for purposes of determining the prevailing hourly billing rate to be paid in a fee award is the community in which the district court sits. Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 558 (5th Cir. 1998).

"The district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." Forbush, 98 F.3d at 821; see also Walker v. United States Dep't of Hous. and Urban Dev., 99 F.3d 761, 771-73 (5th Cir.1996) (describing the limited circumstances in which an adjustment to the lodestar is appropriate).

In calculating the lodestar, the hours worked and the rates claimed should be supported by the billing records of the attorney making the claim for fees. Watkins, 7 F.3d at 457. The court then determines the number of hours that were "reasonably expended" in litigation of the claim. The Fifth Circuit instructs that compensable hours are determined from the attorney's time records and include all hours reasonably spent. Shipes v. Trinity Industries, 987 F.2d 311, 319 (5th Cir. 1993). Counsel is then required to exercise billing judgment to exclude from the fee request any "hours that are excessive, redundant or otherwise unnecessary." Hensley, 103 S. Ct. at 1939-40.

## HOURS REASONABLY EXPENDED

Downey was represented by her attorneys, Thomas Hogan and Robert McKnight. Hogan presents a billing record of 167.20 hours. Rec. doc. 99 at Ex. TJH-1. This was reduced by approximately thirty percent or 50.10 hours, which Hogan reports is the time that he spent on unsuccessful claims. Id. at Ex. 1. Downey contends that 117.10 hours should be included in the lodestar for Hogan. McKnight submits a billing statement for the period from March 24, 2005 through May 11, 2006. Id. at Ex. REM-1. This has been supplemented for the time spent on the reply to Sheriff Strain's opposition to the fee application. Downey seeks a total of 45.65 hours for McKnight. She reports that, in the exercise of billing judgment, no charge was made by McKnight for particular entries. For example, there was no charge for entries on January 26 and 31, 2006 and February 1, 2006, because they related to the unsuccessful opposition to Sheriff's Strain's motion for summary judgment on the non-FLMA claims. Id. at Ex. 4.

Sheriff Strain contends that the discount for lack of success was insufficient because Downey did not recover on seventy percent of her claims.[1] Sheriff Strain also compares the result obtained with Downey's settlement proposals and contends that a larger discount, at least two-thirds, is required. Rec. doc. 101. Downey replies that Sheriff Strain did not point to any particular entry that should be excluded as made in pursuit of an unsuccessful claim. Downey argues that Sheriff Strain's suggested two-thirds reduction is untethered from the real purpose of eliminating non-

---

[1] Downey contends that the hours sought were reasonably incurred to defeat Sheriff Strain's motion for summary judgment on just the FMLA claim on which she prevailed and to try just the FMLA claim on which she prevailed. Strain questions how much time would have been saved if Downey had pursued only the one claim from the beginning?

compensable hours.

1.      Hogan's Hours.

Hogan's time entries began on October 5, 2003, which was only two days after Downey returned to work following her second absence. These entries include time for the preparation of a complaint to the EEOC, conferences with Downey and a telephone conversation with counsel for Sheriff Strain. The time from October 5 to December 5, 2003 (2.85 hours) was reasonably spent in pursuit of the claim on which she prevailed.

There was no further activity until September 15, 2004, when Hogan spent two hours on the preparation of the complaint. The complaint sufficed to put Sheriff Strain on notice of an FMLA claim. Considering the inclusion of the other claims, the time for preparation of the complaint will be reduced by one-half hour. From the filing of the complaint until Sheriff Strain filed his first motion for summary judgment, the time spent by Hogan was reasonably spent in pursuit of the claim on which Downey prevailed. Whether Downey prevailed on one claim or five, the time was required. The time for Hogan from September 15, 2004 through June 28, 2005, exclusive of the half hour reduction for the complaint, was 11.70 hours.

From June 30, 2005 through December 8, 2005, Hogan recorded 26.35 hours related to Sheriff Strain's motion for partial summary judgment. Some of the time expended was spent on non-prevailing claims. If Downey's complaint had been narrowly tailored to the one FMLA on which she prevailed, Hogan should not have spent more than 18 hours in conjunction with the motion.

From that point forward it was necessary for Hogan to participate in settlement negotiations

and prepare for trial on the limited fact issues related to the FMLA claim. Instead, and in addition, Downey was required to respond to a second motion for partial summary judgment. The time from December 16 through February 1, 2006, 10.40 hours, was not reasonably incurred. The time spent on settlement from February 2, 2006 through February 14, 2006, 6.40 hours, was reasonably expended.

From February 15, 2006 through March 5, 2006, Hogan was engaged in trial preparation, including preparation of the pretrial order and exhibits, meetings with client and witnesses, and conferences with the court and opposing counsel. The total time spent during this period was 61.60 hours. In order to prevail on the FMLA claim this activity required no more than 40 hours. The Court is mindful that the ruling on the remaining FMLA claim was modified on the eve of the trial, Rec. doc. 67, but the ruling did not materially affect the evidence that Downey was required to present on the FMLA claim.

If the case had been tried on just the FMLA claim, it would have been tried in one day, but the case was tried in two days. Hogan charged 16.50 hours for each day. Only one day's time will be included in the lodestar.

From March 8, 2006 through April 24, 2006 Hogan spent 14.75 hours. Most of this time was reasonably spent in pursuit of the claim on which Downey prevailed. Sheriff Strain suggested front pay for a period of two to three five years. Downey sought front pay for five years but was awarded front pay for two years. She did not prevail on this issue. Hogan spent three hours on the preparation of a memorandum on the front pay issue. This will be reduced to two hours. The total to be included in the lodestar for this period is 13.75 hours.

7

2.  McKnight's Hours.

Hogan was the lead counsel and trial attorney. He was assisted by McKnight. McKnight's entries must be reviewed in terms of what was reasonably expended by him in support of Hogan's efforts on the FMLA claim on which Downey prevailed. McKnight's entries begin with March 24, 2005. The time spent by him from that date up until Sheriff Strain filed the first motion for summary judgment (0.75 hour) was reasonably expended.

From June 30, 2005 through December 1, 2005, McKnight recorded 2.70 hours in assisting Hogan with the opposition to the motion for summary judgment. This time was reasonably expended. McKnight did not charge any time for his work on opposing the second motion for summary judgment. He recorded one hour in connection with settlement discussions in February of 2006, which was reasonable.

From February 17, 2006 through March 5, 2006, McKnight recorded 20.20 hours for trial preparation. This is in addition to the trial preparation time recorded by Hogan. Considering the claim on which Downey prevailed, McKnight's time for trial preparation will be reduced by 6.0 hours to 14.20 hours. McKnight reduced his time for participation in the two day trial to a total of 8.70 hours. No further reduction is required.

From the conclusion of the trial through the completion of Downey's reply to Sheriff Strain's opposition to the fee application, McKnight recorded 12.50 hours. This time was reasonably expended.

The time to be included in the lodestar for Hogan and McKnight is summarized as follows:

| Period | Hogan's Hours | McKnight's Hours |
| --- | --- | --- |
| 10/05/03 thru 12/05/03 | 2.85 | 0.00 |
| 12/06/03 thru 06/28/05 | 11.70 | 0.75 |
| 06/29/05 thru 12/08/05 | 18.00 | 2.70 |
| 02/02/06 thru 02/14/06 | 6.40 | 1.00 |
| 02/15/06 thru 03/05/06 | 40.00 | 14.20 |
| 03/06/06 thru 03/07/06 | 16.50 | 8.70 |
| 03/08/06 thru 04/24/06 | 13.75 | 12.50 |
| Total | 109.20 | 39.85 |

## PREVAILING HOURLY BILLING RATE

Downey requests an hourly rate of $225 for Hogan and a rate of $175 for McKnight. The requests are supported by affidavits from other attorneys. Hogan attests that he has practiced for 24 years with 19 years focused on civil rights and employment cases  McKnight attests that he has 13 years of experience in the same type of litigation. He notes that five years ago he was awarded a rate of $150 in Frere v. Lee, CA 99-601-HGB-ALC. Sheriff Strain contends that these rates are excessive. Sheriff Strain contends that Hogan's rate should only be $180 per hour and the rate for McKnight should be $150. Downey replies that Sheriff Strain did not produce any affidavits in support of the lower rate.

In Judith L. DeCorte, et al v. Eddie Jordan, et al, CA 03-1239-SRD-SS, the undersigned issued a report and recommendation for attorneys' fees in an employment discrimination case. CA 03-1239 at Rec. doc. 407. The recommended rates were approved by the District Judge. Id. at Rec. doc. 432. The rate for the trial attorney with twenty-five years of experience in employment

9

discrimination cases was $235 per hour. The award for the attorney that assisted the trial attorney was $165 per hour. The rates sought by Downey for Hogan ($225 per hour) and McNight ($175.00) are reasonable.

## CALCULATION OF THE LODESTAR

The calculation of the lodestar based upon the undersigned's determination of the hours reasonably expended multiplied by the reasonable hourly rate is shown in the table below.

| Time Keeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Hogan | 109.20 | $225 | $24,570.00 |
| McKnight | 39.85 | $175 | $ 6,973.75 |
| Total | ` | | $31,543.75 |

There is a strong presumption that the lodestar is the reasonable fee. <u>Walker</u>, 99 F.3d at 771. The parties have presented no reason for an adjustment, either up or down, to the lodestar.

## COSTS

Hogan's statement recorded $850.08 in costs. Downey reduced this by thirty percent to $595.00. Rec. doc. 99 at Ex. TJH-1. McKnight's statement included $74.87 in costs. The total sought by Downey for costs is $669.92. Sheriff Strain contends that the costs should be reduced in the same proportion as the hours are reduced. The Court's review of the statements does not indicate that any further reduction in the costs is warranted.

IT IS ORDERED that Downey's motion for reasonable attorneys' fees and costs (Rec. doc. 99) is GRANTED in PART and DENIED in PART and that she be awarded attorneys' fees of $31,543.75 and costs of $669.92.

New Orleans, Louisiana, this 5th day of June, 2006.

_____
**SALLY SHUSHAN
United States Magistrate Judge**
